UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY IRELAND,<br><br>      Petitioner,<br><br>      v.<br><br>BRENDA CASH, Warden,<br><br>      Respondent. | Case No.: 1:11-cv-02116-AWI-JLT<br><br>ORDER DENYING PETITIONER'S MOTION TO FILE A SUCCESSIVE PETITION (Doc. 20)<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on December 7, 2011,[1] challenging Petitioner's 2009 conviction

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on December 7, 2011. (Doc. 1, p. 6).

1

in the Fresno County Superior Court of multiple counts of rape, for which he is now serving four consecutive terms of 25-years-to-life. (Doc. 1). In that petition, Petitioner raised four grounds for relief: (1) insufficient evidence that the victims' consent was withdrawn; (2) instructional error; (3) wrongful admission of an uncharged act; and (4) ineffective assistance of trial counsel. (Doc. 1, pp. 4-5).

On January 4, 2012, the Court ordered Respondent to file a response within sixty days. (Doc. 6). On March 5, 2012, Respondent filed the Answer. (Doc. 15). On April 27, 2012, Petitioner filed the instant motion for leave to file a successive petition. (Doc. 20). In that motion, Petitioner seeks leave of Court to file an amended petition, which Petitioner erroneously refers to as a "successive" petition, in order to raise an additional claim inadvertently omitted from the original petition. Although the original petition contains issues relating to CALCRIM Nos. 2916 and 1191 in the context of ineffective assistance of counsel, the original petition did not challenge the trial court's own decision to give or not to give those instructions.

On June 14, 2012, after being granted several extensions of time, Respondent filed an opposition to Petitioner's motion, in which Respondent contends that Petitioner's motion should be construed as a motion to file an amended petition, and that such a motion should be denied as futile since the claim Petitioner seeks to add, i.e., instructional error by the trial court, is foreclosed as untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Doc. 29). On July 25, 2012, Petitioner filed a "traverse," which the Court construes as a reply to Respondent's opposition. (Doc. 30). In that reply, Petitioner does not address the untimeliness or futility issues raised by Respondent; instead, Petitioner argues the merits of his claim, contending that the state court's rejection of his instructional error argument was objectively unreasonable under the AEDPA. Petitioner also requests an evidentiary hearing and appointment of counsel.

For the reasons set forth below, the Court agrees with Respondent that any amendment would be futile since it is time-barred under the AEDPA.

///
///
///

2

## DISCUSSION

A. <u>Petitioner's Motion To File A Successive Petition, Construed As A Motion To Amend, Is Denied As Futile</u>.

The Court agrees with Respondent that Petitioner's motion to file a successive petition is, in reality, a motion to file an amended petition adding the "new" claim of instructional error. A federal court must dismiss a "second or successive" petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). However, Petitioner's additional claim is not a "successive" petition as that term is used in 28 U.S.C. § 2244(b)(1), since the original petition is still pending and has not been denied or dismissed. As such, it cannot be a "prior" petition for purposes of § 2244(b)(1). In reality, Petitioner is simply seeking to add an additional claim to the pending petition, and a motion to amend the petition would be the proper avenue for accomplishing that. Accordingly, the Court will construe Petitioner's motion to file a successive petition as a motion to amend the petition to add an additional claim. So construed, the Court will deny the motion to amend.

A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases. <u>Calderon v. United States District Court (Thomas)</u>, 144 F.3d 618, 620 (9th Cir. 1998); <u>Bonn v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is required for all other amendments. Rule Civ. P. 15(a). Here, when Petitioner filed his construed motion to amend the petition on April 27, 2012, Respondent had already filed a response. Thus, leave of Court is required for any amendment to the petition.

Where, as here, a responsive pleading had already been filed by Respondent prior to the filing of the second motion to amend, the Court, in deciding whether to allow an amendment, may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." <u>Bonin v. Calderon</u>, 59 F.3d 815, 844-45 (9th Cir.1995) (applying Rule 15(a) in a habeas case). In <u>Bonin</u>, the Ninth Circuit held that futility of amendment can, by itself, justify the denial of a motion for leave to amend. <u>Bonin</u>, 59 F.3d at 845; <u>see also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129-1130 (9th Cir. 2000) (*en banc*) (confirming district court's authority to

dismiss without leave to amend where amendment would be futile).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on December 7, 2011; thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner was convicted in the Fresno County Superior Court on June 12, 2009. (Doc. 1). The California Supreme Court denied Petitioner's petition for review on December 21, 2010;[2] therefore,

---

[2] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court

direct review concluded 90 days later, i.e., on March 22, 2011.  Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  The one-year period would have commenced the following day, i.e., March 23, 2011, and Petitioner would have had one year from that date, or until March 22, 2012, within which to timely file his federal habeas claims.  As mentioned, although the instant petition was filed on December 7, 2011, thus making the claims contained therein timely, Petitioner did not seek to present the "new" claim until April 27, 2012, over a month after the one-year period expired.  Thus, unless Petitioner is entitled to some form of tolling, such a claim would be untimely and could only be permitted if it "related back" to one of the timely-filed claims, as discussed *infra*.

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  Here, Petitioner does not indicate that he filed any state habeas claims; accordingly, he is not entitled to any statutory tolling.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When  external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence,

---

of Appeal and the California Supreme Court are subject to judicial notice.  Here, the Court accessed the California courts' electronic database to determine the date on which the California Supreme Court denied Petitioner's petition for review.

1 "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

2    Here, Petitioner does not expressly claim entitlement to equitable tolling; however, Petitioner's original motion filed on April 27, 2012, alleges that the original petition was prepared by another inmate, that Petitioner had instructed that inmate to present all available claims, that the other inmate "forgot" to include the claim Petitioner seeks to add, and that Petitioner is "very ignorant and lacking in litigation knowledge" such that the amendment should be allowed. (Doc. 20, pp. 2-3).

    However, a petitioner's claims of ignorance of the law, lack of education, or illiteracy are not grounds for equitable tolling. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991); Nguyen v. Mervau, 1998 WL 556628, *2 (N.D.Cal. Aug.24, 1998) (equitable tolling not justified based on "lack of fluency in the English language and his alleged inability to find a jailhouse lawyer" where petitioner filed petition over six years after conviction became final and raised same claims as on direct appeal).

    Indeed, even attorney negligence, including a miscalculation of a filing deadline, is not a sufficient basis for applying equitable tolling to the § 2244(d)(1) limitation period. Holland v. Florida, 130 S.Ct. 2549, 2010 WL 2346549 at *13-14 (June 14, 2010); Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir. 2010); Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001). Only attorney misconduct that is sufficiently egregious to meet the extraordinary misconduct standard can be a basis for applying equitable tolling. Spitsyn, 345 F.3d at 801. Accordingly, the negligence of Petitioner's "jailhouse" lawyer in omitting the claim Petitioner seeks now to add, is insufficient to establish entitlement to equitable tolling.

    Since Petitioner is not entitled to additional statutory or equitable tolling, and because the limitations period is not tolled for the time a federal habeas corpus application, such as the instant petition, is pending in federal court, Duncan v. Walker, 533 U.S. 167, 181-182 (2001); see Fail v. Hubbard, 272 F.3d 1133, 1135-1136 (9th Cir.2001), any claims Petitioner has sought to file or is seeking to file after March 22, 2012, must relate back to the date of the original pleading under Rule 15(c)(2).

Under that rule, an amendment to a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." The rule applies in habeas corpus proceedings. Mayle v. Felix, 545 U.S. 644, 650 (2005); Anthony v. Cambra, 236 F.3d 568, 576 (9th Cir. 2000). In Mayle, the United States Supreme Court held that relation back is in order if the claim to be amended into the petition is tied to the original timely petition by "a common core of operative facts." Mayle, 545 U.S. at 664. Conversely, the claim does not relate back when it asserts a new ground for relief supported by facts that differ in both "time and type" from those the original pleading set forth. Id. at 650. The Mayle court expressly rejected the Ninth Circuit's interpretation of the rule that a claim relates back if it arises merely from the same judgment and conviction. Id. at 656-657. Thus, relation back is "ordinarily allowed 'when the new claim is based on the same facts as the original pleading and only changes the legal theory.'" Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001), quoting 3 J. Moore, et al., Moore's Federal Practice § 15.19[2], pp. 15-82 (3d ed. 2004).

Petitioner did not raise a direct challenge to either the trial court's failure to give CALCRIM No. 2916 or its giving of No. 1191 in his original petition. He did, however, contend in the original petition that *trial counsel* was *ineffective* for failing to request No. 2916 and erroneously requesting No. 1191. A claim that the trial court erred in giving or failing to give an instruction involves an examination of the procedural posture of the case and the evidence, the manner in which the instruction was presented, whether there was any objection, and also a consideration of the state rules of evidence and procedure. By contrast, a claim that trial counsel was ineffective for failing to proffer or improperly proffering an instruction involves an analysis of whether counsel violated Petitioner's right to the effective assistance of counsel under the Sixth Amendment, under the test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984).[2]

---

[2] **Error! Main Document Only.** To prevail under Strickland, Petitioner must meet two requirements. First, he must establish that his counsel's deficient performance fell below an objective standard of reasonableness under prevailing professional norms. Strickland v. Washington, 466 U.S. at 687-88. Second, Petitioner must establish that he suffered prejudice in that there was a reasonable probability that, but for counsel's unprofessional errors, he would have prevailed on appeal. Id. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the

From that contrast alone, it seems clear that the "new" claim does not relate back to the original claim.  The ineffective assistance of counsel claim relates to counsel's strategy, preparation, and representation before and during trial, leading up to counsel's purported negligence in proffering or not proffering certain instructions.  The challenge to the trial court's decision to instruct or not instruct involves a direct assessment of the trial judge's reasoning during trial, given all of the circumstances discussed previously.  Thus, the mere fact that both claims happen to involve the same two instructions is, in the Court's view, insufficient to meet Mayle's definition of the same "conduct, transaction or occurrence."  Were that not so, then any claim of instructional error would inherently contain a potential claim for ineffective assistance of counsel, and vice-versa, resulting in an absurd scenario wherein the one claim could always be raised at any time during the pendency of the habeas proceedings on the other claim and that amendment would have to be permitted under that broad interpretation of the "relation back" requirement.  Under no reasonable interpretation of Mayle, can the Court find the Supreme Court such an expansive amendment process for federal habeas corpus petitions.

Thus, the new claim Petitioner seeks to include in his habeas petition does not "relate back" to the original claim and, since, as mentioned, the one-year limitation period had already expired when Petitioner attempted to present the "new" claim, the new claim would be time-barred under the AEDPA.  Given this clear procedural bar to the prospective "new" claim, Petitioner cannot meet the requirements for a Rule 15 amendment since permitting the petition to be amended with time-barred claims would be futile.  Bonin, 59 F.3d at 845; see also Lopez, 203 F.3d at 1129-1130.  Hence, Petitioner's construed motion to amend must be denied.

B.   Petitioner's Motion For An Evidentiary Hearing And Appointment of Counsel.

Petitioner also requests appointment of counsel and an evidentiary hearing.  Both motions will be denied for the reasons discussed below.

1.   Evidentiary Hearing.

Rule 8(a) of the Rules Governing Section 2254 Cases provides that where a petition is not

---

appeal. Id. The relevant inquiry is not what counsel could have done; rather, it is whether the choices made by counsel were reasonable. Babbitt v. Calderon, 151 F.3d 1170, 1173 (9th Cir.1998).

dismissed at a previous stage in the proceeding, the judge, after the answer and transcripts and record of the state court proceedings are filed, shall, *upon review* of those proceedings, determine whether an evidentiary hearing is required.  The purpose of an evidentiary hearing is to resolve the merits of a factual dispute.  An evidentiary hearing on a claim is required where it is clear from the petition that: (1) the allegations, if established, would entitle the petitioner to relief;  and (2) the state court trier of fact has not reliably found the relevant facts.  See, Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992).  As the function of an evidentiary hearing is to try issues of fact, Townsend v. Swain 372 U.S. 293, 309 (1963)(*overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715 (1993)), such a hearing is unnecessary when only issues of law are raised. Id.

In this case, Petitioner challenges his Fresno County convictions for rape, raising a series of legal issues.  Respondent has filed an Answer responding to those legal issues.  The Court is presented exclusively with legal issues and all relevant factual questions are uncontroverted; hence, because there is no factual dispute to resolve, there is no justification for an evidentiary hearing at this time.

### 2. Appointed Counsel.

Regarding Petitioner's request for appointment of counsel, currently there exists no absolute right to appointment of counsel in habeas proceedings.  See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984).  However, Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Rules Governing Section 2254 Cases.  In the present case, the Court does not find that the interests of justice require the appointment of counsel.  The case has been fully briefed and is awaiting a decision on the merits of the legal issues raised therein.  If the Court determines, in the interests of justice, that appointment of counsel is required at some later date, the Court will make the appointment on its own motion. Accordingly, Petitioner's motion for appointment of counsel is denied without prejudice.

### ORDER

For the foregoing reasons, the Court **HEREBY ORDERS** as follows:

1. Petitioner's motion for leave to file a successive petition, construed as a motion to amend the petition (Doc. 20), is **DENIED**.

    2. Petitioner's motion for appointment of counsel is **DENIED**.

    3. Petitioner's motion for an evidentiary hearing is **DENIED**.

IT IS SO ORDERED.

Dated: **January 24, 2013**         /s/ Jennifer L. Thurston
                                                    UNITED STATES MAGISTRATE JUDGE